IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ARMEDA GILMORE-WILLIAMS,

        Plaintiff,

vs.                          Case No. 09-1276-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

        Defendant.


MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the

1

conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other

jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On May 24, 2007, administrative law judge (ALJ) William G. Horne issued his decision (R. at 14-23). Plaintiff alleges that she has been disabled since February 17, 1997 (R. at 14). At step one, the ALJ determined that plaintiff has not performed substantial gainful activity since March 5, 2004, the date of her application for benefits (R. at 16). At step two, the ALJ found that plaintiff had the following severe impairments: a disorder of the back and knees and a brain injury (R. at 16). At step

4

three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 16). After determining plaintiff's RFC (R. at 17), the ALJ found at step four that plaintiff has no past relevant work (R. at 21). At step five, the ALJ found that plaintiff can perform other work that exists in significant numbers in the national economy (R. at 21-22). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 22).

## III. Did the ALJ fail to consider all the medical opinion evidence?

An ALJ must evaluate every medical opinion in the record, although the weight given to each opinion will vary according to the relationship between the disability claimant and the medical professional. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). Even on issues reserved to the Commissioner, including plaintiff's RFC and the ultimate issue of disability, opinions from any medical source must be carefully considered and must never be ignored. Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2-3. It is clear legal error to ignore a medical opinion. Victory v. Barnhart, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4, 2005).

Dr. Brown, plaintiff's treating physician, opined that plaintiff had the following physical limitations:

    1.   lift and/or carry 20 pounds occasionally

5

>     and 15 pounds frequently
>
>     2. stand and/or walk for 30 minutes
>     continuously and for 4 hours in a 8 hour
>     workday
>
>     3. sit for 30 minutes continuously and for 5
>     hours in an 8 hour workday
>
>     4. never climb, balance or stoop
>
>     5. occasionally kneel, crouch, crawl, reach,
>     handle and finger
>
>     6. avoid any exposure to hazards and
>     humidity
>
>     7. avoid moderate exposure to extreme cold
>     and heat, weather and dust/fumes
>
>     8. avoid concentrated exposure to
>     wetness/humidity

(R. at 465-466). On March 22, 2004, Dr. Brown, when asked if plaintiff could participate in an employment or training program, responded: "unlikely at this point" (R. at 317). When asked the same question on March 1, 2005, Dr. Brown responded: "not able to at this point" (R. at 473). None of these opinions were mentioned or discussed by the ALJ in his decision.[1]

Defendant asserts that Dr. Brown's physical RFC opinions were "generally consistent" with the physical limitations in the

---

[1] The ALJ did mention the medical source statement-mental prepared by Dr. Brown. The ALJ described Dr. Brown as plaintiff's treating psychiatrist (R. at 21). However, there is no indication in the record that Dr. Brown was a psychiatrist. Plaintiff raised this mischaracterization in her brief (Doc. 11 at 30); defendant did not dispute the mischaracterization in his response.

ALJ's RFC findings (Doc. 16 at 19). The ALJ's RFC findings, in relevant part, are therefore compared below with the opinions of Dr. Brown:

| category | ALJ | Dr. Brown |
| --- | --- | --- |
| sit | 6 hours/ 8 hour workday | 30 minutes at a time, 5 hours/8 hour workday |
| stand/walk | 6 hours/ 8 hour workday | 30 minutes at a time, 4 hours/8 hour workday |
| climb | no limitation | never |
| balance | no limitation | never |
| stoop | less than frequent or occasional | never |

(R. at 17, 528, 465-466). In his RFC findings, the ALJ found that plaintiff could generally perform a "wide range of light work" (R. at 17). At the hearing, the ALJ, in his hypothetical question, stated that plaintiff could perform the full range of light work, with certain additional exceptions (R. at 528). The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. SSR 83-10, 1983 WL 31251 at *6.

The ALJ found that plaintiff could stand/walk for 6 hours of an 8 hour workday, or generally perform light work; however Dr. Brown limited plaintiff to standing/walking for 30 minutes at a time, and for 4 hours in an 8 hour workday. Furthermore, Dr. Brown stated that plaintiff could never climb, balance or stoop;

7

however, the ALJ included no limitation in climbing or balancing, and found that plaintiff could occasionally stoop.

Thus, the ALJ's RFC findings are not consistent with the physical RFC opinions of Dr. Brown in all of the above areas. The ALJ stated that plaintiff could generally perform light work and could specifically stand/walk for 6 hours in an 8 hour workday, which is required for the full range of light work. However, Dr. Brown limited plaintiff to standing/walking for 30 minutes at a time and for 4 hours in an 8 hour workday. Thus, according to Dr. Brown, plaintiff cannot perform the full range of light work because of her 4 hour limitation in standing/walking. Furthermore, although Dr. Brown indicated that plaintiff would need to alternate sitting and standing, the ALJ, without explanation, included no such limitation in his RFC findings. Precisely how long a claimant can sit, or stand/walk, without a change in position is relevant to assumptions about whether the claimant can perform light or sedentary work. Vail v. Barnhart, 84 Fed. Appx. 1, 5 (10th Cir. Nov. 26, 2003); Armer v. Apfel, 2000 WL 743680 at *2-3 (10th Cir. June 9, 2000).

According to SSR 96-9p, a complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the claimant is disabled would usually apply. 1996 WL 374185 at *8. In addition, a person limited in balancing, even when standing or walking on level terrain, may

result in a significant erosion of the unskilled sedentary occupational base.  1996 WL 374185 at *7.  Thus, the additional physical limitations expressed by Dr. Brown could clearly impact what work, if any, plaintiff will be able to perform.

According to SSR 96-8p, the "RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."  SSR 96-8p, 1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); <u>Nielson v. Sullivan</u>, 992 F.2d 1118, 1120 (10th Cir. 1993).  As noted above, because the ALJ's RFC findings clearly conflict with numerous opinions expressed by Dr. Brown, a treatment provider, the ALJ has failed to comply with the requirement of SSR 96-8p that the ALJ explain why these opinions from Dr. Brown were not adopted.  Therefore, this case shall be remanded in order for the ALJ to consider the physical RFC opinions of Dr. Brown.

On remand, the ALJ shall consider and address all the medical opinion evidence, including a number of other medical opinions regarding plaintiff's limitations or ability to work not discussed in the ALJ's decision.  This includes a mental RFC assessment by Dr. Blum and Dr. Schulman (R. at 361-365), and opinions expressed by Dr. Moore (R. at 479-482)("There are no

restrictions to activity at this time" (R. at 482), Dr. Tawadros (R. at 305), Dr. Ator (R. at 206), and Dr. Yost (R. at 250). The ALJ must evaluate every medical opinion in the record, and, if the ALJ's RFC assessment conflicts with a medical opinion, the ALJ must explain why the opinion was not adopted. Furthermore, in support of his RFC findings, the ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ "must also explain how any material inconsistencies or ambiguities in the evidence were considered and resolved." SSR 96-8p, 1996 WL 374184 at *7.

**IV. Other issues raised by plaintiff**

Plaintiff asserts error by the ALJ in failing to list plaintiff's anxiety and panic disorder as severe impairments. In Brescia v. Astrue, 287 Fed. Appx. 626, 628-629 (10th Cir. July 8, 2008), the claimant argued that the ALJ improperly determined that several of her impairments did not qualify as severe impairments. The court held that once an ALJ has found that plaintiff has at least one severe impairment, a failure to designate another as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient

10

severity.  In Hill v. Astrue, 289 Fed. Appx. 289, 291-292 (10th Cir. Aug. 12, 2008), the court held that once the ALJ finds that the claimant has any severe impairment, he has satisfied the analysis for purposes of step two.  The ALJ's failure to find that additional alleged impairments are also severe is not in itself cause for reversal.  However, the ALJ, in determining plaintiff's RFC, must consider the effects of all of the claimant's medically determinable impairments, both those he deems "severe" and those "not severe."

The court finds no clear error by the ALJ in his step two findings.  However, on remand, the ALJ is reminded that, in determining plaintiff's RFC, he must consider the effects of all of claimant's medically determinable impairments, both those he deems "severe" and those "not severe."

Plaintiff raises two other issues: 1) that the ALJ erred in his analysis of plaintiff's credibility, and 2) the ALJ erred by failing to elicit a reasonable explanation for an alleged conflict between the DOT and the jobs identified by the vocational expert (VE).  The court will not reach these remaining issues because they may be affected by the ALJ's resolution of the case on remand after considering all the medical evidence and determining what weight should be accorded to the various medical opinions.  See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 26th day of July, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge